# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case number: 4:11-CR-183-Y (01) |
| | Matthew Gulde, assistant U.S. attorney |
| YOULANDA ROCHELLE WRIGHT | Catherine Dunnavant, attorney for the defendant |

On January 18, 2012, the defendant, Youlanda Rochelle Wright, entered a plea of guilty to counts one and two of the two-count information filed on November 21, 2011. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT(S) |
|---|---|---|---|
| 18 U.S.C. § 287 | False Claim Against the United States, a Class D felony | January 31, 2007 | One |
| 18 U.S.C. §1028(a)(7) & (b)(2) | Identity Theft, a Class D felony | February 6, 2008 | Two |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $200 for counts one and two of the two-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed July 23, 2012

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed July 24, 2012

## IMPRISONMENT

The defendant, Youlanda Rochelle Wright, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 60 months on count one and 18 months on count two of the two-count information. The sentence imposed in count two shall run consecutively to the sentence imposed in count one, for an aggregate term of imprisonment of 78 months.

The defendant is remanded to the custody of the United States marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years on counts one and two of the two-count information. All terms of supervised release shall run concurrently with each other.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer in a manner and frequency directed by the Court or probation officer;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

pay remaining balance of restitution in the amount of $166,384.85, as will be set out in this judgment;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in any business which involves access to credit information of other persons, including but not limited to the handling of credit cards, bank checks, drafts, or other financial documents, without the probation officer's prior approval;

participate in mental health treatment services, as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, and contributing to the costs of services rendered (co-payment) at the rate of at least $25 per month; and

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution in the amount of $166,384.85. Restitution shall be paid to the U.S. district clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to the victim in this case. Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $166,384.85 in restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $300 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of Youlanda Rochelle Wright to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the United States Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
deputy marshal